UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUIS JAIME,

                    Plaintiff,

              v.

NEW YORK STATE DEPARTMENT OF CORRECTIONS; KLIEN; OFFICER L. FARR; OFFICER GARCIA; CORRECTION OFFICER HOLMES

                    Defendants.

24-CV-2758 (KMK)

ORDER OF SERVICE

KENNETH M. KARAS, United States District Judge:

      Plaintiff, currently incarcerated at Wende Correctional Facility, brings this pro se Action under 42 U.S.C. § 1983, alleging that Defendants used excessive force against him when he was incarcerated at Sullivan Correctional Facility. By order dated May 13, 2024, Chief Judge Laura Taylor Swain granted Plaintiff's request to proceed without prepayment of fees, that is, in forma pauperis ("IFP").[1] As set forth in this Order, the Court (1) directs service on Officers Klien, L. Farr, Garcia, and Holmes; (2) dismisses the claims against the New York State Department of Corrections and Community Supervision ("DOCCS") under the Eleventh Amendment; and (3) applies Local Civil Rule 33.2 to this Action.

## STANDARD OF REVIEW

      The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*,

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

480 F.3d 636, 639 (2d Cir. 2007).  The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).  While the law mandates dismissal on any of these grounds, the Court is obliged to construe pro se pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

**A.    Order of Service**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants Klien, Farr, Garcia, and Holmes through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for these Defendants.  The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these Defendants.

If the Complaint is not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63

---

[2]Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the Complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the Complaint and ordered that any summonses be issued.  The Court therefore extends the time to serve until 90 days after the date any summonses issue.

(2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the Action if Plaintiff fails to do so.

**B.      Department of Corrections and Community Supervision**

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*.  New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983.  *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).  Plaintiff's § 1983 claims against DOCCS are therefore barred by the Eleventh Amendment and are dismissed.

**C.      Local Civil Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action.  Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents."  Within 120 days of service of the Complaint, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[3]

---

[3] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

## CONCLUSION

The Clerk of Court is instructed to issue a summons for each Defendant, complete the USM-285 form with the address for each Defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Court dismisses Plaintiff's claims against DOCCS. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

Local Civil Rule 33.2 applies to this Action.

The Clerk of Court is directed to mail an information package to Plaintiff.

SO ORDERED.

Dated:  May 30, 2024
        White Plains, New York

                                        _____
                                        KENNETH M. KARAS
                                        United States District Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

1. Officer Klien
   Sullivan Correctional Facility
   325 Riverside Drive
   P.O. Box 116
   Fallsburg, NY 12733-0116

2. Officer L. Farr
   Sullivan Correctional Facility
   325 Riverside Drive
   P.O. Box 116
   Fallsburg, NY 12733-0116

3. Officer Garcia
   Sullivan Correctional Facility
   325 Riverside Drive
   P.O. Box 116
   Fallsburg, NY 12733-0116

4. Officer Holmes
   Sullivan Correctional Facility
   325 Riverside Drive
   P.O. Box 116
   Fallsburg, NY 12733-0116